UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**JANA JANSEN,**

**Plaintiff,**

Case: 1:25−cv−02961
Assigned To : Unassigned
Assign. Date : 9/2/2025
Description: TRO/Prelim. Inj. (D−DECK)

**v.**

**DONALD J. TRUMP, in his official capacity as President of the United States;**

**UNITED STATES DEPARTMENT OF STATE;**

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY;**

**SOCIAL SECURITY ADMINISTRATION;**

**UNITED STATES ATTORNEY GENERAL;**

**SECRETARY OF HEALTH AND HUMAN SERVICES;**

**DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,**

**Defendants.**

**CIVIL ACTION NO.:**



RECEIVED
SEP -2 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, proceeding under the pseudonym Jana Jansen, respectfully moves this Court for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to enjoin enforcement of Executive Order 14168 and related agency actions as applied to her. Plaintiff faces imminent irreparable harm at her scheduled Social Security Administration appointment on September 23, 2025, where, absent intervention, the EO will be enforced against her, stripping her of her long-recognized female identity and exposing her to stigma, discrimination, and safety risks.

**BACKGROUND**

1. Plaintiff is a transgender and intersex woman who has lived for more than thirty years with full legal recognition as female, including in her birth certificate, passport, Social Security records, and other federal documentation.

2. Plaintiff underwent surgical transition decades ago and has raised two children under this long-established female identity.

3. Executive Order 14168, entitled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," mandates that federal agencies recognize sex solely on a "biological" basis, explicitly excluding transgender women from the legal category of women.

4. The EO directs agencies such as the Social Security Administration, Department of State, and Department of Homeland Security to enforce this redefinition. SSA has scheduled Plaintiff for an appointment on September 23, 2025, where it intends to issue her a new Social Security number tied to her original NUMIDENT record with a male marker, outing her against her will.

2

5.  Unless enjoined, this action will permanently strip Plaintiff of her female identity, expose

her to stigma and danger, and violate her constitutional and statutory rights.

**LEGAL STANDARD**

6.  To obtain a preliminary injunction, a movant must demonstrate :

I.     a likelihood of success on the merits;

II.     irreparable harm in the absence of relief;

III.    that the balance of equities tips in her favor; and

IV.    that an injunction serves the public interest. *Winter v. Natural Resources Defense*

*Council, Inc.*, 555 U.S. 7, 20 (2008).

**ARGUMENT**

**I. Plaintiff Is Likely to Succeed on the Merits**

7.  Equal Protection. EO 14168 draws sex-based classifications that exclude transgender

women from legal recognition as women. Such classifications require an exceedingly

persuasive justification. *United States v. Virginia*, 518 U.S. 515, 531 (1996). The EO's

rationale—that cisgender women must be "defended" from transgender women—is

precisely the type of romantic paternalism long rejected by the Supreme Court. *Frontiero*

*v. Richardson*, 411 U.S. 677, 684 (1973); *Mississippi Univ. for Women v. Hogan*, 458

U.S. 718, 725–26 (1982). The EO also reflects unconstitutional animus, which lacks even

a rational basis. *Romer v. Evans*, 517 U.S. 620, 634 (1996); *United States v. Windsor*, 570

U.S. 744, 770 (2013).

8.  Due Process. The EO arbitrarily strips Plaintiff of her liberty interests in travel, privacy,

and self-definition. See *Kent v. Dulles*, 357 U.S. 116, 125 (1958) (travel abroad); *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977) (privacy); *Planned Parenthood v. Casey*, 505 U.S. 833, 851 (1992) (identity/autonomy); *Lawrence v. Texas*, 539 U.S. 558, 574 (2003) (personal dignity).

9. First Amendment. The EO compels Plaintiff to speak and carry identification misidentifying her sex as male, which is unconstitutional compelled speech. *West Va. Bd. of Educ. v. Barnette*, 319 U.S. 624, 634 (1943); *Wooley v. Maynard*, 430 U.S. 705, 715 (1977). It also enacts viewpoint discrimination by prohibiting recognition of "gender ideology," privileging one perspective in a public debate. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995); Legal *Servs. Corp. v. Velazquez*, 531 U.S. 533, 541–42 (2001); *Janus v. AFSCME*, 138 S. Ct. 2448, 2463 (2018).

10. APA. EO 14168 and agency implementation are arbitrary and capricious under the APA. Agencies must articulate a satisfactory explanation for policy changes, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), and provide a reasoned explanation for disregarding prior policy, *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515–16 (2009). Most importantly, they must consider reliance interests. *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 140 S. Ct. 1891, 1913 (2020).

11. Plaintiff has lived for three decades under federal recognition as female, raised children, and built her life accordingly. EO 14168 disregards these reliance interests without explanation, making it arbitrary and capricious.

## II. Plaintiff Faces Irreparable Harm

12. Constitutional violations constitute irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Plaintiff's imminent SSA appointment on September 23, 2025, will permanently

4

alter her records, outing her as transgender, forcing her to carry misidentifying documents, and exposing her to stigma and safety risks. These harms cannot be remedied later.

## III. The Balance of Equities Favors Plaintiff

13. The government suffers no harm from preserving Plaintiff's long-established female identity pending litigation, while Plaintiff faces catastrophic personal and constitutional injury if relief is denied. See *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

## IV. The Public Interest Supports Injunctive Relief

14. The public interest always favors protection of constitutional rights. *Nken v. Holder*, 556 U.S. 418, 436 (2009). Enjoining enforcement ensures agencies comply with constitutional guarantees and the APA, protects reliance interests, and promotes dignity and equality.

## RELIEF REQUESTED

a)  Enjoining SSA from issuing Plaintiff a new Social Security number that links to her prior NUMIDENT with a male designation, except for earnings purposes;

b)  Directing SSA to issue Plaintiff a new Social Security number unlinked from her prior NUMIDENT for other purposes, consistent with agency policy permitting new SSNs to protect individuals in danger;

c)  Ordering SSA and other federal agencies to seal Plaintiff's prior sex marker and birth name pending further order;

d) Enjoining Defendants from disclosing or reverting Plaintiff's sex marker or legal identity;

e) Prohibiting Defendants from enforcing EO 14168 against Plaintiff in the issuance of identification documents, passports, Global Entry Card, documents, or federal benefits;

f) Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff respectfully requests that any security bond requirement be waived given the constitutional nature of the claims, the absence of monetary harm to Defendants, and Plaintiff's limited financial resources as a pro se litigant facing credible safety threats;

g) Plaintiff respectfully requests an expedited hearing on this motion given the imminent September 23, 2025 deadline;

h) Granting such other relief as the Court deems just and proper.


Dated: 2 September 2025

Respectfully submitted,

Jana Jansen (pseudonym)

Pro Se Plaintiff

c/o Clerk of Court (for public filings)

United States District Court for the District of Columbia

333 Constitution Avenue NW

Washington, DC 20001

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2025, a true and correct copy of the foregoing

Motion for Preliminary Injunction was served upon the following in the manner required by local

rules and/or agency specific rules:

1. United States Attorney for the District of Columbia

   United States Attorney's Office

   601 D Street, NW

   Washington, DC 20530

2. Attorney General of the United States

   United States Department of Justice

   950 Pennsylvania Avenue, NW

   Washington, DC 20530-0001

3. United States Department of State

   Office of the Legal Adviser

   Suite 5.600

   600 19th Street, NW

   Washington, DC 20522-0505

4. United States Department of Homeland Security

Office of General Counsel

2707 Martin Luther King Jr. Avenue, SE

Washington, DC 20528


5. Social Security Administration

Office of General Counsel

6401 Security Boulevard

Baltimore, MD 21235


6. United States Department of Health and Human Services

Office of General Counsel

200 Independence Avenue, SW

Washington, DC 20201


7. United States Office of Personnel Management

Office of General Counsel

1900 E Street, NW

Washington, DC 20415

Jana Jansen (pseudonym)

Pro Se Plaintiff

8

c/o Clerk of Court (for public filings)

United States District Court for the District of Columbia

333 Constitution Avenue NW

Washington, DC 20001