UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANA JANSEN,

Plaintiff,

v.

DONALD J. TRUMP, *et al.,*

Defendants.

Civil Action No. 25-2961

## MEMORANDUM OPINION AND ORDER

Shortly after his inauguration, President Donald J. Trump signed an Executive Order entitled, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14,168, 90 Fed. Reg. 8615 (Jan. 20, 2025). That order, as relevant here, defines the term "sex" as a person's "immutable biological classification as either male or female." Id., § 2(a). It further mandates that "[e]ach agency and all Federal employees shall enforce laws governing sex-based rights, protections, opportunities, and accommodations to protect men and women as biologically distinct sexes." Id. § 3(b). Plaintiff is an intersex/transgender woman. See ECF No. 1 (Compl.), ¶ 19. She has brought this suit to enjoin operation of the order, arguing that it violates the First and Fifth Amendments to the Constitution as well as the Administrative Procedure Act. Id., ¶¶ 116–55. She now moves to proceed under the pseudonym Jana Jansen, citing various safety and privacy concerns. See ECF No. 3 (Mot.).

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

1

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Washington Legal

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy, and identifying the consequences that would likely befall it if forced to proceed

in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court

must "'balance the litigant's legitimate interest in anonymity against countervailing interests in

full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

Jansen has met her burden at this early stage to show that her privacy interests outweigh

the public's presumptive and substantial interest in learning her identity.

2

First, as the Complaint states, Plaintiff seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but "to preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Our Circuit has held that a sensitive or highly personal matter "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors."  Id. at 327 (medical information is considered sensitive and highly personal information); see also Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The . . . medical histories of plaintiffs . . . are paradigmatically sensitive and highly personal.") (quotation marks omitted).  Plaintiff explains that "[t]his case directly involves [her] transgender status, medical history, and legal documents."  Mot. at 3; see also Compl., ¶ 19 (stating that Plaintiff "under[went] medically necessary surgical procedures over 30 years ago to align her physical sex characteristics with her female gender identity").  This factor thus weighs in favor of granting the Motion.

As to the second factor, Jansen has properly alleged that disclosure of her identity "poses a risk of retaliatory physical or mental harm" to her and "to innocent non-parties."  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).  Plaintiff is the sole custodian of two minors.  See Mot. at 3.  As an intersex/transgender woman, "[s]he has already faced harassment, stalking, and family retaliation related to her gender identity."  Id. at 2.  She explains that "[d]isclosure of her legal name would expose her and her minor children to further harm."  Id.  To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [her] concerns unsupported and unwarranted."  Doe v. Federal Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. July 3, 2023).  At this early stage,

3

however, the Court finds that the allegations in the Complaint are sufficient to establish that

revealing Jansen's name publicly in connection with this litigation poses a risk of harm.  See

Compl., ¶¶ 19–21, 29; Mot. at 2–3.  This factor therefore supports granting the Motion.

The third factor —namely, "the ages of the persons whose privacy interests are sought to

be protected" — also supports Plaintiff's Motion.  In re Sealed Case, 971 F.3d at 326 (quoting In

re Sealed Case, 931 F.3d at 97).  Although Jansen is an adult, she "share[s] common privacy

interests" with her children "due to their intractably linked relationship."  J.W. v. District of

Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016).  Plaintiff explains that she has "built her

professional and personal life" as a female and "is raising children under the protection of her

affirmed identity."  Compl., ¶ 147.  Revelation of her transgender status could "subject[] the

family, including the school aged children, to discrimination and harassment."  Id., ¶ 90.

The fourth factor, conversely, favors disclosure.  Typically, "anonymous litigation is

more acceptable when the defendant is a governmental body because government defendants 'do

not share the concerns about "reputation" that private individuals have when they are publicly

charged with wrongdoing.'"  J.W., 318 F.R.D. at 201 (quoting Doe v. Cabrera, 307 F.R.D. 1, 8

(D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019)

(same).  Analysis of this factor, however, also involves evaluating whether a plaintiff is

requesting individual relief.  See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5

(D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government

defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application

— the fourth factor favors pseudonymity.") (citation omitted).  Here, "Plaintiff requests a

permanent injunction prohibiting Defendants from implementing parts of E.O. 1416[8], which

would provide more than individualized relief." <u>Jones v. Trump</u>, 2025 WL 485419, at *3

(D.D.C. Feb. 13, 2025); <u>accord</u> Compl., ¶ 162.  This factor thus favors disclosure.

The fifth and final factor is neutral.  This factor is "not implicated" in instances where the

defendant knows the plaintiff's identity, <u>see</u> <u>In re Sealed Case</u>, 971 F.3d at 326 n.1, and here,

Jansen has offered to disclose her identity under seal.  <u>See</u> Mot. at 3.  Defendants, of course, also

remain free to request any further information they deem necessary to the full and fair defense of

the case, and Jansen remains free to object.

In sum, although the fourth factor weighs against granting the Motion, the remaining

factors favor permitting Plaintiff to proceed under a pseudonym at this stage.

## III.     Conclusion

The Court accordingly ORDERS that:

1.  Plaintiff's [3] Motion to Proceed Under Pseudonym is GRANTED, subject to any

     further consideration by the United States District Judge to whom this case is

     randomly assigned;

2.  All parties shall use the pseudonym listed in the Complaint in all documents filed in

     this action; and

3.  Within fourteen days of this Order, Plaintiff shall file:

     i.      A pseudonymous version of her [3] Motion and attachments as a Notice to

             the Court on the public docket; and

     ii.     A sealed declaration containing her real name and residential address.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  <u>September 5, 2025</u>