UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANA JANSEN,<br><br>       *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>       *Defendants*. | Civil Action No. 25 - 2961 (LLA)<br>**UNDER SEAL** |

**SEALED MEMORANDUM OPINION AND ORDER**

Plaintiff Jana Jansen, proceeding *pro se* and under a pseudonym, brings this action against Donald J. Trump, in his official capacity as President of the United States, the U.S. Department of State, the U.S. Department of Homeland Security, the Social Security Administration ("SSA"), the U.S. Attorney General, the U.S. Secretary of Health and Human Services, and the Director of the Office of Personnel Management, challenging Executive Order 14168, which defines "sex" to mean "male" or "female" as a matter of federal law and policy. As relevant here, Ms. Jansen has filed motions for a temporary restraining order, a preliminary injunction, and expedited consideration of the motions to enjoin Defendants from enforcing the Executive Order against her. ECF Nos. 5, 13, 29. For the following reasons, the court will deny the motions for a temporary restraining order and a preliminary injunction on the merits and deny the motion for expedited consideration as moot.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Ms. Jansen is a post-operative intersex/transgender woman. ECF No. 1 ¶¶ 5, 19. She underwent sex reassignment surgery more than thirty years ago, and she updated all her

government-issued identification documents, including her passport, driver's license, and birth certificate, to reflect her female sex.  *Id.* ¶¶ 19-20, 52.  SSA previously allowed individuals to change their sex designation on records to male or female, and Ms. Jansen's Social Security records "have long reflected her female sex."  *Id.* ¶¶ 56-57.

On January 20, 2025, President Trump issued Executive Order 14168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government" ("Executive Order").  90 Fed. Reg. 8615 (Jan. 20, 2025).  The Executive Order declares that "[i]t is the policy of the United States to recognize two sexes, male and female," and defines the terms "male" and "female" to mean "a person belonging, at conception, to the sex that produces the [small and] large reproductive cell[s]," respectively.  *Id.* § 2.  Of particular concern to Ms. Jansen, the Executive Order directs the "Secretaries of State and Homeland Security, and the Director of the Office of Personnel Management, [to] implement changes to require that government-issued identification documents, including passports, . . . accurately reflect the holder's sex" as the Executive Order defines that term.  *Id.* § 3(d).  Pursuant to the Executive Order, the State Department has suspended policies allowing transgender, intersex, and nonbinary people to update their sex designations, and SSA has issued guidance prohibiting changes to sex designations in Social Security records.  ECF No. 1 ¶¶ 71-72.

Ms. Jansen needs to change her Social Security number to protect herself and her children from credible threats of violence.  *Id.* ¶ 29.  She has an appointment with SSA scheduled for September 23, 2025 to obtain a new Social Security number.  ECF No. 13, at 7 (Ex. A).

On September 2, 2025, Ms. Jansen filed a five-count complaint alleging that the Executive Order violates the Fifth Amendment's Due Process Clause and Equal Protection Clause, the First Amendment, and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.  ECF No. 1 ¶¶ 116-55.

The same day, she filed a motion for a preliminary injunction requesting that the court enjoin enforcement of the Executive Order and related agency actions as applied to her. ECF No. 5. She alleges that, absent relief, SSA will enforce the Executive Order against her at her appointment on September 23 by issuing her a new Social Security number linked to her pre-transition identification file, which designates her as male. *Id.* at 2-3. On September 4, Ms. Jansen filed a motion for a temporary restraining order and a preliminary injunction. ECF No. 13. Ms. Jansen was permitted to proceed under pseudonym, ECF No. 12, and the case was reassigned to the undersigned, Sep. 8, 2025 Docket Entry. The court also directed the appointment of pro bono counsel, which remains pending. ECF No. 20.

## II.     LEGAL STANDARD

"Temporary restraining orders and preliminary injunctions are 'extraordinary remed[ies] that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion.'" *Lofton v. District of Columbia*, 7 F. Supp. 3d 117, 120 (D.D.C. 2013) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). To receive a temporary restraining order or a preliminary injunction, the moving party must show (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where, as here, the government is an opposing party, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.    DISCUSSION

The court concludes that Ms. Jansen has failed to carry her burden to receive a temporary restraining order or a preliminary injunction. Ms. Jansen has not shown a likelihood of success on the merits or irreparable injury, and the balance of equities does not tip in her favor.

#### A.    Likelihood of Success on the Merits

Ms. Jansen must first show a likelihood of success on the merits. *Winter*, 555 U.S. at 20. "[T]he 'merits' on which [a] plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction." *Obama v. Klayman*, 800 F.3d 559, 565 (D.C. Cir. 2015). Accordingly, to establish likelihood of success on the merits, Ms. Jansen must first establish that her claims are likely justiciable. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015). Article III standing is comprised of three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Friends of Animals v. Jewell*, 828 F.3d 989, 991-92 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A plaintiff who fails to show a substantial likelihood of jurisdiction is 'not entitled to any relief, let alone the extraordinary remedy of a preliminary injunction.'" *Church v. Biden*, 573 F. Supp. 3d 118, 133 (D.D.C. 2021) (quoting *Schindler Elevator Corp. v. Wash. Metro. Area Transit Auth.*, 514 F. Supp. 3d 197, 212 (D.D.C. 2020), *aff'd* 16 F.4th 294 (D.C. Cir. 2021)). The court concludes that Ms. Jansen fails to show that her injury is "actual or imminent." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). Accordingly, she is not entitled to preliminary relief at this time.

Ms. Jansen alleges that "she faces a concrete and particularized injury that is traceable to the Executive Order and redressable by this Court." ECF No. 1 ¶ 29. Specifically, she alleges that "[e]ach interaction [she] has with the Social Security Administration ('SSA') automatically exposes [her] sex at birth and a childhood name that she has not used for decades, via the NUMIDENT record." ECF No. 13, at 2. She further contends that the Executive Order "transforms [her] into a target for reversion whenever she interacts with SSA, magnifying the harm of each forced disclosure." *Id.* And she argues that the Executive Order and its implementation "create a credible and imminent fear that obtaining a new Social Security number will potentially revert her sex designation," ECF No. 1 ¶ 29, and that any mismatch in her identification documents could affect her ability to travel internationally, maintain health insurance coverage and public benefits, and pass employment and background checks, *id.* ¶¶ 62-64, 91-96.

The court concludes that these allegations are, at this point, "conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). Ms. Jansen's designation as female has been "final and consistently recognized for more than 30 years." ECF No. 13, at 3. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ she does not allege any facts to suggest that Defendants are likely to alter her sex designation in her Social Security records at her upcoming SSA appointment. Indeed, Social Security cards do not bear a sex marker, making Ms. Jansen's concerns more speculative. Soc. Sec. Admin., *Types of Social Security Cards*.[2]

---

[2] *Available at* https://perma.cc/S5YW-RJNU.

The court also concludes that Ms. Jansen has failed to sufficiently establish a causal connection between her alleged injuries and the Executive Order. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Accordingly, Ms. Jansen's claims are not justiciable at this time and are therefore unlikely to succeed on the merits.[3]

---

[3] Ms. Jansen's claims are also distinguishable from those of the plaintiffs in *Orr v. Trump*, 778 F. Supp. 3d 394 (D. Mass. 2025), which involved a challenge to a State Department policy made pursuant to Executive Order 14168. There, the State Department adopted a policy requiring that a U.S. passport reflect an applicant's sex assigned at birth and removing the option for nonbinary, intersex, or gender non-conforming applicants to obtain a passport with an "X" sex marker. *Id.* at 400. The district court preliminarily enjoined the policy, *id.* at 432-33, and applied the injunction to certified classes of individuals who had applied, or who would apply, for a passport issued with a sex designation that is different from the sex assigned to them under the policy, *Orr v. Trump*, No. 25-CV-10313, 2025 WL 1695941, at *15-16 (D. Mass. June 17, 2025). The court found that the "PI-eligible plaintiffs . . . have an imminent need to replace or renew their passport or do not currently possess a passport with a sex designation that aligns with their gender identity" and were thus injured by the State Department's policy of issuing passports only with a sex designation that aligns with the holder's sex assigned at birth. 2025 WL 1695941, at *12. Here, Ms. Jansen does not allege that SSA will issue her an official government document that is inconsistent with her gender identity, nor could she, given that Social Security cards do not contain a sex identifier.

### B.      Irreparable Injury

To receive a temporary restraining order or preliminary injunction, Ms. Jansen must also demonstrate irreparable injury.  "[P]roving 'irreparable' injury is a considerable burden," and, much like standing, it requires "proof that the movant's injury is '*certain, great and actual*—not theoretical—and imminent, creating a clear and present need for extraordinary equitable relief to prevent harm.'"  *Power Mobility Coal. v. Leavitt*, 404 F. Supp. 2d 190, 204 (D.D.C. 2005) (emphasis in original) (quoting *Wis. Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

Ms. Jansen alleges that she must attend her SSA appointment on September 23, 2025 to maintain her benefits and that at that appointment, Defendants "will permanently alter her records, outing her as transgender, forcing her to carry misidentifying documents, and exposing her to stigma and safety risks."  ECF No. 5, at 4-5; ECF No. 13, at 2-3.  She further argues that the alleged constitutional violations of her equal protection, due process, and First Amendment rights constitute irreparable harm.  ECF No. 5, at 4-5; ECF No. 28, at 11-12.

The court is not persuaded by these allegations of irreparable harm.  As noted above, Ms. Jansen does not allege facts showing that the Executive Order's enforcement is likely to affect her, let alone inflict irreparable harm.  Additionally, given her representation that her underlying SSA records already disclose her former sex, the relief she seeks—including "[o]rdering SSA and other federal agencies to seal [her] prior sex marker and birth name," ECF No. 5 at 5, would operate to alter the status quo, which is "highly atypical, as . . . '[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.'"  *Humane Soc'y of U.S. v. Johanns*, No. 06-CV-265, 2006 WL 8460551, at *12 (D.D.C. Mar. 14, 2006) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  And, of

course, the court's decision to deny relief at this juncture does not prevent the court from revisiting its decision as the litigation proceeds or prevent Ms. Jansen from ultimately prevailing on the merits of her claims.[4]

### C.   Balance of Equities and the Public Interest

Ms. Jansen must also show that the balance of equities and the public interest favor her. As noted, these two factors merge when the government is the opposing party. *Nken*, 556 U.S. at 435. Here, the balance of the equities and the public interest counsel against the court's intervention with another branch of government, especially where Ms. Jansen has not shown the kind of irreparable harm warranting the extraordinary remedy of preliminary injunctive relief. *See Hanson v. District of Columbia*, 120 F.4th 223, 247 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 2778 (2025) (noting that "[b]ecause 'a grant of preliminary relief could prove to be mistaken once the merits are finally decided,' courts must be 'institutionally wary of granting relief that disrupts, rather than preserves, the status quo'" (quoting *Singh v. Berger*, 56 F.4th 88, 95 (D.C. Cir. 2022))); *see also Pennsylvania v. DeVos*, 480 F. Supp. 3d 47, 68 (D.D.C. 2020) ("Plaintiffs' inability to show a likelihood of success on the merits or irreparable harm likely ends the matter there.").

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Ms. Jansen's motions for a temporary restraining order and a preliminary injunction, ECF Nos. 5, 13, are **DENIED** and her

---

[4] Ms. Jansen also expresses concerns about her sex marker being "default[ed] . . . to male" when she seeks to renew her Global Entry membership, which expires in 2026, ECF No. 1 ¶ 31; *see* ECF No. 13, at 2-3, or her passport, which expires in 2032, ECF No. 1 ¶ 30. Again, these harms are too conjectural to support injunctive relief at this time.

motion for expedited consideration, ECF No. 29, is **DENIED** as moot.  The court will consider Ms. Jansen's remaining motions, ECF Nos. 9, 10, 11, 24, 25, 30, 31, 33, in due course.

    **SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   September 23, 2025