UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANA JANSEN,

        Plaintiff,

    v.

DONALD J. TRUMP,
President of the United States, et al.,

        Defendants.

Civil Action No. 25-2961 (LLA)

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF
IN SUPPORT OF THE MOTION FOR A PRELIMINARY INJUNCTION**

Defendants respectfully submit this response to Plaintiff's supplemental brief, which purports to identify "evidence of animus towards people whose sex does not comport with the government's view of sex, and which is different from the evidence of animus submitted by the plaintiffs in *Orr v. Trump*, No. 25-cv-10313 (D. Mass.)." Supp. Br. at 1 (ECF No. 78).

Defendants offer two points in response to Plaintiff's supplemental brief. First, Defendants object to the supplemental brief because it attempts to belatedly support an argument that Plaintiff did not make in the motion for a preliminary injunction. Unlike Plaintiff here, the plaintiffs in *Orr* argued that the government's policy linking sex markers to biological sex violated their right to equal protection because it was "based on animus against transgender people." Mot. for Prelim. Inj. (ECF No. 30), *Orr*, No. 25-cv-10313 (D. Mass. Feb. 18, 2025); *see also* Resps.' Opp'n to App. for Stay at 32–36, No. 25A319 (U.S. Oct. 6, 2025). Here, by contrast, Plaintiff's motion for preliminary injunction offers no animus-based argument in support of the equal protection claim. *See* Mot. for Prelim. Inj. at 24–32 (ECF No. 66-1); Reply ISO Mot. for Prelim. Inj. at 7–12 (ECF No. 75). Instead, Plaintiff's assertions of animus are largely confined to the background section of

the opening brief. *See* Mot. for Prelim. Inj. at 9 (ECF No. 66-1). The Court should not consider an argument that Plaintiff failed to timely advance and that has not been fully briefed.

Second, Plaintiff's purported evidence of animus is irrelevant. None of the cited statements and actions specifically addresses the sex marker policy or the reasons behind it. *See Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1, 35 (2020) (statements made "in unrelated contexts" are not "probative of the decision at issue"). Indeed, much of the purported animus evidence reflects commentary from people not even speaking on behalf of the federal government. For example, Plaintiff cites statements and actions by a chief of staff for the office of the Governor of South Dakota, *id.* ¶ 8, the Heritage Foundation, *id.* ¶ 11, and several private individuals, *id.* ¶¶ 12–16. The Supreme Court in *Orr*, by contrast, considered statements related to the sex-marker policy itself, *see* Resps.' Opp'n to App. for Stay at 32–36, No. 25A319 (U.S. Oct. 6, 2025), and found no indication that the policy "'lacks any purpose other than a bare desire to harm a politically unpopular group.'" *Trump v. Orr*, 146 S. Ct. 44, 46 (2025) (quoting *Trump v. Hawaii*, 585 U.S. 667, 705 (2018)) (citation modified). That conclusion controls. In any event, "[w]hatever one might think of the cited statements, they are insufficient to show" that the sex marker policy was "based on" animus. *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840, at *12 (U.S. June 25, 2026) (statements that are not "overtly racial" and express "policy views that could rest on race-neutral justifications" did not reflect animus).

*    *    *

- 2 -

The motion for preliminary injunction should be denied.

Dated: July 17, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       /s/ *Johnny Walker*
    JOHNNY H. WALKER, III, D.C. Bar #991325
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2511

*Attorneys for the United States of America*